UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD A. ROSS, *et al.*,

    Plaintiffs,

v.                                                               Case No. 8:07-cv-1967-T-24TGW

OPTION ONE MORTGAGE
SERVICES, INC., *et al.*

    Defendants,

_____/

## **ORDER**

This cause comes before the Court on Defendant Option One Mortgage Corporation's Motion to Dismiss (Doc. No. 8.) Plaintiffs Todd A. Ross and Danielle Ross oppose this motion. (Doc. No. 11.)

**I.  Background**

This case arises from a mortgage loan transaction. On August 1, 2006, Defendant Option One Mortgage Services, Inc. made two loans to Plaintiffs, secured by Plaintiffs' home (the "Homestead"). (Doc. No. 1, ¶ 13.) The closing paperwork on the loan instructed Plaintiffs to send their loan payments to Defendant Option One Mortgage Corporation. (Doc. No. 1, ¶ 18.)

Plaintiffs' complaint alleges that on October 5, 2007, they mailed two letters to "all known Defendants" stating that they wished to cancel the two loans. (Doc. No. 1, ¶¶ 22, 23.) The letters requested that the recipient "take all steps necessary to reflect the fact that said mortgage and all security interest on [the] home has been cancelled within 20 calendar days of your receipt of this notice." (Id.) Plaintiffs allege that over twenty days have passed since the

mailing of the letters, and they have yet to receive anything from Defendants.  (Doc. No. 1, ¶¶ 24-26.)  Subsequent to Plaintiffs' mailing of the letters requesting cancellation of the two loans, Defendant Option One Mortgage Corporation and an unknown servicer have made multiple phone calls to Plaintiffs in an attempt to collect a debt.  (Doc. No. 1, ¶¶ 27, 28.)

On October 31, 2007, Plaintiffs, who are proceeding *pro se*,[1] filed a three count complaint against Defendants Option One Mortgage Services, Inc., Option One Mortgage Corporation, an unknown holder of the evidence of debt, and an unknown servicer.  (Doc. No. 1.)  In Count I of their complaint, Plaintiffs seek to quiet the title of the Homestead.  (Doc. No. 1, ¶¶ 29-32.)  In Count II of their complaint, Plaintiffs allege that all Defendants violated the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq*., by failing to give certain disclosures required by law,  failing to return all money and property advanced by Plaintiffs in connection with the loans, failing to release the security interest, and failing to comply with the law regarding Plaintiffs' cancellation of the loans.  (Doc. No. 1, ¶¶ 33-37.)  In Count III of their complaint, Plaintiffs allege that Defendant Option One Mortgage Corporation and an unknown servicer violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"),15 U.S.C. § 1692 *et. seq.*, by communicating with Plaintiffs in connection with the collection of a debt, communicating with third parties in connection with the collection of a debt, engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection

---

[1]The Court notes that in Plaintiffs' response to the instant motion, they stated that if their response was found inadequate, "it is incumbent upon the Court to inform Plaintiffs of the deficiencies, their specifics and assist the Plaintiffs in correcting the submission . . .."  To this, the Court responds that it is unable to provide counsel or advice to parties, even if a party is a *pro se* litigant.  This Court has a duty to maintain complete impartiality in the exercise of its judicial duties, and providing counsel or advice to any party would be an abrogation of this duty.

with the collection of a debt, using false, deceptive, or misleading representation or means in connection with the collection of a debt, using unfair or unconscionable means to collect or attempt to collect a debt, and by continuing to proceed with these debt collection activities on at least thirty separate occasions. (Doc. No. 1, ¶¶ 40-48.)

## II.     Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## III.    Discussion

Defendant Option One Mortgage Corporation ("Option One Mortgage Corporation") moves to dismiss all of Plaintiffs' complaint on various grounds.

### A.     Federal Rule of Civil Procedure 4

First, Option One Mortgage Corporation briefly argues that the complaint was incorrectly served, and thus, this Court does not have jurisdiction over it. However, the Court notes that on January 20, 2008, after Option One Mortgage Corporation had already filed the instant motion to

dismiss, Plaintiffs perfected service of Option One Mortgage Corporation. (Doc. No. 12.) Accordingly, this argument is now moot.

**B.      Count One: Quiet Title**

Next, Option One Mortgage Corporation argues that Plaintiffs' claim for quiet title must be dismissed as premature. Specifically, Option One Mortgage Corporation contends that it must first be determined whether Plaintiffs validly rescinded the loan before a court can quiet the title to the Homestead. The Court disagrees.

As an initial matter, the Court notes that Option One Mortgage Corporation failed to provide any case law in support of their argument. Moreover, it seems logical to the Court that part and parcel of quieting title to a property would include determining which party has what claims to, or interests in, the property at issue. In the instant case, both of the parties' claims to the Homestead hinge on whether Plaintiffs' alleged rescission of the loans was valid. The Court does not find this to be grounds for dismissal.

Option One Mortgage Corporation alternatively argues that Plaintiffs' request for damages in their claim for quiet title should be stricken. The Court agrees.[2] A quiet title action is an equitable action for which damages are not available. Price v. Tyler, 890 So. 2d 246, 251 (Fla. 2004).

Accordingly, Option One Mortgage Corporation's motion to dismiss Count I of Plaintiffs' complaint is denied. However, the Court will strike Plaintiffs' request for damages in their claim for quiet title.

---

[2]The Court also notes that Plaintiffs do not respond to this part of Option One Mortgage Corporation's motion, and the Court therefore considers the argument unopposed.

### C. Count Two: Violation of TILA

Option One Mortgage Corporation next argues that Plaintiffs have failed to state a claim for TILA violations because their complaint is general, conclusory, and does not provide fair notice of the nature of Plaintiffs' claim.

The Court notes that the Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Women Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).

Taking the allegations set forth in Plaintiffs' complaint as true, which this Court must do at the motion to dismiss stage, and refraining from passing on the merits, it appears that Plaintiffs' TILA claims are properly alleged. Plaintiffs allege that the loan transactions were "consumer credit transactions" within the meaning of TILA, 15 U.S.C. § 1602(h). Plaintiffs further allege that Defendants failed to provide all material disclosures set forth in TILA, 15 U.S.C. § 1639(a), and also failed to provide disclosures required by TILA, 15 U.S.C. §§ 1631 to 1635. Upon consideration, the Court finds that Plaintiffs' complaint provides a clear and plain statement sufficient to place Option One Mortgage Corporation on notice of the allegations against it. As such, Option One Mortgage Corporation's motion to dismiss Count II of

Plaintiffs' complaint is denied.

### D.     Count Three: Violation of FDCPA

Option One Mortgage Corporation's final argument is that it is not a debt collector, and is thus not subject to the cited provisions of the FDCPA.  Plaintiffs seem to respond that it is too early to determine whether Option One Mortgage Corporation is a debt collector or legal creditor for the subject loans, and therefore their claims for violations of the FDCPA should not be dismissed.

The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others.  See 15 U.S.C. § 1692.  The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA further narrows the meaning of "debt collector" by excluding "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due to another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . .." Id.  Here, there is no allegation that the loan was in default at the time Option One Mortgage Corporation obtained the loan.  Therefore, Option One Mortgage Corporation is not a debt collector under the FDCPA.  Therefore, Option One Mortgage Corporation's motion to dismiss Count III of Plaintiffs' complaint is granted.

### IV.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Option One Mortgage Corporation's Motion to Dismiss (Doc. No. 8) is **GRANTED IN PART AND DENIED IN**

**PART**.  Specifically:

    (1)    Defendant Option One Mortgage Corporation's motion to dismiss Count I of Plaintiffs' complaint is **DENIED**;

    (2)    Plaintiffs' request for damages in their claim for quiet title is **STRICKEN**;

    (3)    Defendant Option One Mortgage Corporation's motion to dismiss Count II of Plaintiffs' complaint is **DENIED**; and

    (4)    Defendant Option One Mortgage Corporation's motion to dismiss Count III of Plaintiffs' complaint is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of February, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Plaintiffs
Counsel of Record