UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD A. ROSS, *et al.*,

    Plaintiffs,

v.                                                                                                  Case No.  8:07-cv-1967-T-24TGW

OPTION ONE MORTGAGE
SERVICES, INC., *et al.*

    Defendants,

_____/

## **ORDER**

This cause comes before the Court on Defendant Option One Mortgage Services, Inc.'s Motion to Dismiss and Strike Demand for Damages (Doc. No. 15.)  Plaintiffs, proceeding pro se, oppose this motion. (Doc. No. 18.)

**I.      Background**

This case arises from a mortgage loan transaction.  On August 1, 2006, Defendant Option One Mortgage Services, Inc. made two loans to Plaintiffs, secured by Plaintiffs' home (the "Homestead").  (Doc. No. 1, ¶ 13.)  The closing paperwork on the loan instructed Plaintiffs to send their loan payments to Defendant Option One Mortgage Corporation.  (Doc. No. 1, ¶ 18.)

Plaintiffs allege in their complaint that on October 5, 2007, they mailed two letters to "all known Defendants" stating that they wished to cancel the two loans.  (Doc. No. 1, ¶¶ 22, 23.)  The letters requested that the recipient "take all steps necessary to reflect the fact that said mortgage and all security interest on [the] home has been cancelled within 20 calendar days of your receipt of this notice."  (Id.)  Plaintiffs allege that over twenty days have passed since the

mailing of the letters, and they have yet to receive anything from Defendants.  (Doc. No. 1, ¶¶ 24-26.)  Subsequent to Plaintiffs' mailing of the letters requesting cancellation of the two loans, Defendant Option One Mortgage Corporation and an unknown servicer have made multiple phone calls to Plaintiffs in an attempt to collect on the loans.  (Doc. No. 1, ¶¶ 27, 28.)

On October 31, 2007, Plaintiffs filed a three count complaint against Defendants Option One Mortgage Services, Inc., Option One Mortgage Corporation, an unknown holder of the evidence of debt, and an unknown servicer.  (Doc. No. 1.)  In Count I of their complaint, Plaintiffs seek to quiet the title of the Homestead.  (Doc. No. 1, ¶¶ 29-32.)  In Count II of their complaint, Plaintiffs allege that all Defendants violated the Truth In Lending Act.  In Count III of their complaint, Plaintiffs allege that Defendant Option One Mortgage Corporation and an unknown servicer committed thirty violations of various provisions of the Fair Debt Collection Practices Act ("FDCPA").  (Doc. No. 1, ¶¶ 40-48.)

## II.     Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir.

1986).

### III. Discussion

Defendant Option One Mortgage Services, Inc. moves to dismiss Count III and to strike Plaintiffs' claim for a money judgment in connection with their claim to quiet title.[1] Accordingly, the Court will address each argument.

Option One Mortgage Services, Inc. moves to dismiss Count III, the FDCPA claim. Plaintiffs respond that they have not asserted a FDCPA claim against this defendant. As such, the Court denies this part of the motion as moot.

Next, Option One Mortgage Services, Inc. moves to strike Plaintiffs' claim for a money judgment in connection with their claim to quiet title. The Court agrees that such relief should be granted, because a quiet title action is an equitable action for which damages are not available. Price v. Tyler, 890 So. 2d 246, 251 (Fla. 2004). Accordingly, the Court grants this portion of the motion.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Option One Mortgage Services, Inc.'s Motion to Dismiss and Strike Demand for Damages (Doc. No. 15.) is **GRANTED IN PART AND DENIED IN PART**: The motion is granted to the extent that the Court strikes Plaintiffs' claim for a money judgment in connection with their claim to quiet title.

---

[1] Option One Mortgage Services, Inc. also argues that the maximum amount of statutory damages that Plaintiffs can recover from it under the FDCPA is $1,000, rather than the $30,000 that they seek in their complaint. While the FDCPA claim is not asserted against Option One Mortgage Services, Inc., the Court notes that the maximum amount of statutory damages that Plaintiffs can be awarded from a debt collector in this case is $1,000 regardless of the number of violations of the FDCPA the debt collector committed. See Harper v. Better Business Services, Inc., 961 F.2d 1561, 1563 (11th Cir. 1992).

The motion is denied as moot to the extent that Defendant Option One Mortgage Services, Inc. seeks dismissal of Count III.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of March, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Plaintiffs
Counsel of Record