UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD A. ROSS, *et al.*,

    Plaintiffs,

v.                                                                                    Case No.  8:07-cv-1967-T-24TGW

OPTION ONE MORTGAGE
SERVICES, INC., *et al.*

    Defendants,

_____/

## ORDER

This cause comes before the Court on Defendant Option One Mortgage Corporation's Motion to Compel Compliance with Local Rule 3.05.  (Doc. No. 20.)  Upon consideration, the motion is granted.

The Court notes that Plaintiffs are proceeding *pro se* in this matter.  Because Plaintiffs are proceeding in the instant case on a *pro se* basis, the Court finds it necessary to inform Plaintiffs of some, but not all, of the procedural rules with which they must comply.  The Court reminds Plaintiffs of these obligations because a *pro se* litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the Middle District of Florida.[1]  Moon v.

---

[1] The parties are hereby reminded that all filing with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Middle District of Florida.  The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and from the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

All documents filed with the Court must be in the form of a pleading, see Fed. R. Civ. P. 7(a), or of a motion, see Fed. R. Civ. P. 7(b).  Each pleading, motion, notice or other paper shall be presented in a separate document.

Plaintiffs must timely respond to the motions filed by the other parties in this case, for if they do not timely respond to such a motion, the Court may assume that Plaintiffs do not oppose that motion and any relief requested therein.[2]  If a party has missed a filing deadline, the party must file a motion seeking leave of Court to file the document out of time.  Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within 10 days after Plaintiffs are served with that motion by his opponent and may not exceed 20 pages.

Plaintiffs shall not correspond with the Court in letter form.  Any such correspondence sent to the Court will not be responded to and will be stricken from the case file.

All documents filed with the Court must include a caption (the same as is set forth on Defendant Option One Mortgage Corporation's Motion to Dismiss); a brief title which describes the nature of the document; Plaintiffs' names and signatures; and a Certificate of Service.  These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiffs must bear an original signature, or they will be rejected by the Court.  Among other things, such signature serves as Plaintiffs' certification, pursuant to Fed. R. Civ. P. 11(b), that said document is not

---

[2]Motions that Plaintiffs must respond to include, but are not limited to, Motions to Dismiss, under Fed. R. Civ. P. 12(b) and Motions for Summary Judgment under Fed. R. Civ. P. 56.

submitted for any improper purpose; that the claims or defenses presented therein are warranted by existing law; and that there exists reasonable factual support for allegations or assertions made therein. Plaintiffs are advised to review and become familiar with Fed. R. Civ. P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of Plaintiffs' case.

All pleadings, motions, or other papers filed with the Court by Plaintiffs must also include a signed Certificate of Service. Such is Plaintiffs' certification that they have complied with the requirements of Fed. R. Civ. P. 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g. U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the court must be in the form of a motion. If Plaintiffs seek any relief from or action by the Court, or seek the entry of an order of any kind, Plaintiffs must file a proper motion requesting such, which motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested, see Local Rule 3.01(a), and the combined document of the motion and memorandum cannot exceed 25 pages in length. Further, Plaintiffs are advised that prior to filing most motions, Local Rule 3.01(g) requires them to confer with opposing counsel in an effort to resolve the issues raised by the motion. The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions

filed with the Court, and that failure to comply with such requirements and rules can form the basis for denial of a motion.

Plaintiffs are warned that the failure to comply with the requirements and obligations under the Federal Rules of Civil Procedure and the Local Rules can have significant consequences. For example, submission of a motion which does not meet the applicable requirements can result in denial of that motion. Plaintiff's attention is directed to Local Rule 3.05, which provides information concerning case management, including the conduct of a case management conference. Local Rule 3.05(c) requires counsel and any unrepresented party to meet within 60 days after service of the Complaint upon any defendant or the first appearance of any defendant, for the purpose of preparing and filing a Case Management Report in the form prescribed within the rule. Local Rule 3.05(c) also provides that unless otherwise ordered by the Court, a party may not seek discovery from any source before such case management conference.z

While the Court has set forth some of the more important procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiffs' duties and obligations in litigating this case.

Upon consideration, it is hereby ORDERED:

Plaintiffs shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the Middle District, and any applicable statutes and regulations. Specifically, Plaintiffs' are ordered to comply with the requirements of Local Rule 3.05(c) and file a Case Management Report on or before **April 21, 2008**. Failure to do so

shall result in this action being dismissed without further notice. The Court also deems any of Plaintiffs' discovery requests which were filed before the case management conference void.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of March, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Plaintiffs
Counsel of Record