UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD A. ROSS, et al.,

    Plaintiffs,

v.                            CASE NO:  8:07-cv-1967-T-33TGW

OPTION ONE MORTGAGE SERVICES,
INC., et al.

    Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiffs' Verified Petition for Relief from Order of Dismissal and to Reopen Case. (Doc. # 76).

On December 28, 2009, Plaintiffs, proceeding pro se, filed a "Status Report" indicating that the parties had reached a resolution on the principal terms and needed an additional 30 days to complete the settlement agreement. (Doc. # 74). On December 30, 2009, the Court entered an Order dismissing the case without prejudice to the right of any party to re-open the action within 60 days, upon good cause shown, or to submit a stipulated form of final judgment. (Doc. # 75). The Court also stated that after that 60-day period, the dismissal would be deemed with prejudice. Nothing was filed by any of the parties within the 60-day period.

Almost two years later, Plaintiffs now move this Court to vacate the order of dismissal and re-open this action based on the breach of the "Compromise, Settlement and Release Agreement" entered into by the parties.

This Court, however, is without jurisdiction to enforce the settlement agreement because it did not retain jurisdiction over the settlement agreement nor incorporate the terms of the settlement agreement in the order. See <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375 (1994).

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

<u>Id.</u> at 381. As such, enforcement of the settlement agreement is left for the state courts. <u>Id.</u> at 382.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Verified Petition for Relief from Order of

Dismissal and to Reopen Case (Doc. # 76) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>23rd</u> day of September, 2011.

/s/ Virginia M. Hernandez Covington<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record